IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| MARGARITA P. LAZALDE, | § | |
|     Plaintiff, | § | |
| v. | § | NO. EP-14-CV-0063-DCG |
| | § | (-NJG by consent) |
| CAROLYN W. COLVIN, | § | |
| Acting Commissioner of Social Security | § | |
| Administration, | § | |
|     Defendant. | § | |

### MEMORANDUM OPINION AND ORDER

This is a civil action seeking judicial review of an administrative decision. Jurisdiction is predicated upon 42 U.S.C. § 405(g). Both parties having consented to trial on the merits before a United States Magistrate Judge, the case was transferred to this Court for trial and entry of judgment pursuant to 28 U.S.C. § 636(c), Rule CV-72, and Appendix C of the Local Court Rules for the Western District of Texas.

Plaintiff appeals from the decision of the Commissioner of the Social Security Administration (Commissioner) denying her application for disability insurance benefits and supplemental security income under Titles II and XVI, respectively, of the Social Security Act. For the reasons set forth below, this Court orders that the Commissioner's decision be AFFIRMED.

### PROCEDURAL HISTORY

On January 11, 2011, Plaintiff filed applications for disability insurance benefits and supplemental security income, alleging a disability onset date of June 7, 2010. (R:175, 187) Her applications were denied initially and on reconsideration. (R:47-50) Plaintiff filed a request for a hearing, which was conducted on July 5, 2012. (R:30-46) The Administrative Law Judge ("ALJ") issued a decision on November 26, 2012, denying benefits. (R:17-23) The Appeals Council ("AC")

denied review on December 19, 2013. (R:1-5) Plaintiff initiated the instant suit for judicial review on February 14, 2014. [ECF No. 1]

## ISSUES

Plaintiff presents the following issues for review:

1. Whether the final decision of the Commissioner denying benefits is supported by substantial evidence; and

2. Whether the Commissioner applied an incorrect legal standard in determining that Plaintiff was not disabled.

Plaintiff contends that the ALJ's residual functional capacity (RFC) determination is not supported by substantial evidence, because he failed to include a "sit/stand" limitation in the RFC, and failed to accommodate Plaintiff's cervical spine impairment. [ECF No. 20] Consequently, Plaintiff seeks a reversal and remand for an award of benefits or for further administrative proceedings. Defendant responds that the ALJ used the proper legal standards, and that substantial evidence supports the ALJ's findings and conclusions. [ECF No. 21]

## DISCUSSION

### *I. Standard of Review*

This Court's review is limited to a determination of whether the Commissioner's decision is supported by substantial evidence, and whether the Commissioner applied the proper legal standards in evaluating the evidence. *See* 42 U.S.C. § 405(g); *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995). Substantial evidence "is more than a mere scintilla, and less than a preponderance." *Masterson*, 309 F.3d at 272. The Commissioner's findings will be upheld if supported by substantial evidence. *Id.* A finding of no substantial evidence will be made only where there is a conspicuous absence of credible choices or

no contrary medical evidence. *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988).

In applying the substantial evidence standard, the court may not reweigh the evidence, try the issues *de novo*, or substitute its own judgment for the Commissioner's, even if it believes the evidence weighs against the Commissioner's decision. *Masterson*, 309 F.3d at 272. Conflicts in the evidence are for the Commissioner and not the courts to resolve. *Id.*; *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993).

## *II. Evaluation Process*

The ALJ evaluates disability claims according to a sequential five-step process: 1) whether the claimant is currently engaged in substantial gainful activity; 2) whether the claimant has a severe medically determinable physical or mental impairment; 3) whether the claimant's impairment(s) meet or equal the severity of an impairment listed in 20 C.F.R. Part 404, Subpart B, Appendix 1; 4) whether the impairment prevents the claimant from performing past relevant work; and 5) whether the impairment prevents the claimant from doing any other work. 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof at the first four steps of the analysis. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995).

## *III. ALJ's Decision*

In the present case, the ALJ found that Plaintiff had severe impairments of degenerative disc disease of the cervical spine and lumbar spine. The ALJ determined that none of Plaintiff's impairments, either alone or in combination, met or medically equaled the listed impairments. After considering the entire record, he determined that she retained the functional capacity to perform a

full range of light work, with occasional balancing, stooping, kneeling, crouching, and crawling.[1] The ALJ determined that Plaintiff retained the capacity to perform her past relevant work as a machine operator/sorter (plastics) and sewing machine operator, both of which were light unskilled jobs. Consequently, he found that she was not disabled through the date of the decision.

### *IV. The ALJ's Determination of Plaintiff's Residual Functional Capacity is Supported by Substantial Evidence*

Plaintiff contends that substantial evidence does not support the ALJ's determination that she retains the capacity to perform a full range of light work, because the ALJ failed to include a sit/stand option and failed to accommodate her cervical and lumbar spine impairments. She argues that these additional limitations would reduce her RFC` and her ability to perform past work, and thus affect the determination of her disability.

Defendant responds that the ALJ properly evaluated the evidence when determining Plaintiff's residual functional capacity. Defendant notes that Plaintiff relies heavily upon her own self-reported limitations and functional restrictions. Further, Defendant argues that the ALJ accounted for Plaintiff's limitations by restricting her to light work, and that her past relevant work accommodated such limitations.

Residual functional capacity is the most an individual can still do despite her limitations. 20 C.F.R. §§ 404.1545, 416.945; SSR 96-8p. The responsibility to determine the Plaintiff's RFC belongs to the ALJ. *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995). In making this determination,

---

[1] "Light" work is defined as work involving lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. A job in this category may require a good deal of walking or standing, or sitting with some pushing and pulling of arm or leg controls. If someone can do light work, they are determined to also be able to perform sedentary work, unless there are additional limitations such as loss of fine dexterity or inability to sit for long periods of time. *See* 20 C.F.R. §§ 404.1567, 416.967.

the ALJ must consider all the record evidence and determine the Plaintiff's abilities despite her physical and mental limitations. *Martinez v. Chater*, 64 F.3d 172, 176 (5th Cir. 1995). The ALJ must consider the limiting effects of an individual's impairments, even those that are non-severe, and any related symptoms, including pain. *See* 20 C.F.R. §§ 404.1529, 404.1545, 416.929, 416.945; SSR 96-8p. The relative weight to be given the evidence is within the ALJ's discretion. *Chambliss v. Massanari*, 269 F.3d 520, 523 (5th Cir. 2001). The ALJ is not required to incorporate limitations in the RFC that he did not find to be supported in the record. *See Morris v. Bowen*, 864 F.2d 333, 336 (5th Cir. 1988).

It is Plaintiff's burden to establish disability and to provide or identify medical and other evidence of her impairments. *See* 42 U.S.C. § 423(d)(5); 20 C.F.R. §§ 404.1512(c), 416.912(c). The mere presence of an impairment is not disabling per se. *Hames v. Heckler*, 707 F.2d 162, 165 (5th Cir. 1983). Plaintiff's own subjective complaints, without objective medical evidence of record, are insufficient to establish disability. *See* 20 C.F.R. §§ 404.1508, 404.1528, 404.1529, 416.908, 416.928, 416.929.

In the instant case, Plaintiff was involved in a car accident on June 4, 2010, and was seen at the emergency room for neck and back pain. (R:325-30) X-rays of her cervical and thoracic spine produced normal results. (R:334-45) Physical examination showed painless range of motion in her neck, normal motor and sensory findings, normal range of motion in her extremities, and no vertebral tenderness. Her clinical assessment was reported as cervical and thoracic strain. She was treated for pain and discharged in stable condition the same day.

A physical examination was performed by Dr. Andrew Palafox on August 17, 2010, for complaints of moderate neck pain and low back pain. (R:342-43) Upon examination, he found she

5

had spasms, reduced motion, tenderness in her neck and low back. She also had significant tenderness in the elbow. However, he further noted that neurologically she was grossly intact. Dr Palafox assessed her with cervical and lumbar discogenic pain.

An MRI examination on July 26, 2010, of the cervical spine showed mild cervical spondylosis. (R:341) An MRI of the thoracic spine on August 25, 2010, showed: L4-L5 annular tear; multi-level disc herniations in the lumbar spine, most prominent at L4-L5; L1-L2 mild; L2-L3 mild; L3-L4 mild to moderate; L4-L5 mild to moderate; L5-S1 mild bilateral neuroforamina narrowing; and L4-L5 moderate spinal canal stenosis. (R:344-45)

A follow-up examination in September 3, 2010, by Dr. Palafox showed paraspinal spasms and tenderness greater on the left side than her right side. (R:346) She had equivocal straight leg test results on the left and right at 45 degrees. Dr. Palafox found that Plaintiff had done well with her conservative care including therapy and medications; he did not anticipate that she would require surgery.

An RFC evaluation was completed by state agency physician Frederick Cremona on March 14, 2011. (R:348-55) He found that Plaintiff could occasionally lift 20 pounds, frequently lift 10 pounds, stand or walk about 6 hours, sit about 6 hours, and push/pull unlimited. He found that she could frequently climb ramps or stairs, and occasionally balance, stoop, kneel, crouch, and crawl. There were no manipulative, visual, communicative, or environmental limitations found. Consequently, he determined that Plaintiff's alleged limitations were not fully supported by the medical evidence of record. His findings were affirmed by Dr. Kelvin Samaratunga on May 11, 2011. (R:375)

At a disability interview on January 11, 2011, she was observed as alternating sitting and

standing, grabbing her lower back, and groaning. (R:211) However, the interviewer did not observe any physical limitations. Progress notes from March 28, 2011, show that Plaintiff reported no musculoskeletal joint pain or weakness. (R:368) She further reported doing chores at home, babysitting as a hobby, and walking for exercise. (R:368) In her function reports from January and April 2011, Plaintiff indicated that she could only walk one block before having to rest, could not lift or bend, and could not be in one position for long periods of time. However, in those same reports, she also stated that she could perform light chores, laundry, cleaning, prepare simple meals, drive, and grocery shop. (R:239-46, 257-64)

At the hearing on July 5, 2012, Plaintiff testified that she could not work due to her back problems, and constant neck, shoulder, and arm pain. (R:38-39) When asked about medications, she related that she takes ibuprofen for pain and Lipitor for cholesterol. (R:37) Side effects included not sleeping well, having to go to the restroom frequently, and feeling tired. (R:38) She indicated that she could walk up to two blocks, stand for 25 minutes, and sit about 30 minutes. (R:40) She further related that in a normal day, she performed her doctor recommended exercises, showered, did chores, and rested. (R:41) Also, Plaintiff testified that she did not seek further treatment for her back condition past June 2011, due to financial reasons. (R:36) However, she testified that she received treatment for other conditions after that time. (R:37) In fact, the record contains progress notes for preventative and routine care between January 2010 and June 2012. (R:377-95, 396-427)

Plaintiff argues that she need only produce objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or symptoms alleged, and need not produce objective evidence of the pain itself or its severity. *See* 20 C.F.R. §§ 404.1529, 416.929. Under the Regulations, there must be medical signs and laboratory findings which show that a

claimant has a medical impairment(s) which could reasonably be expected to produce the alleged pain, which when considered with all the other evidence, including statements about intensity and severity, would lead to a conclusion that the claimant is disabled. *Id.* Ultimately, it must be determined to what extent the alleged functional limitations due to pain or other symptoms can reasonably be accepted as consistent with the medical evidence to decide how the symptoms affect the claimant's ability to work. *Id.*

The ALJ considered the objective medical findings, opinions, and laboratory results, along with Plaintiff's reported symptoms, including pain. He found Plaintiff's subjective complaints inconsistent with her daily activities and the objective medical evidence. Upon review of her reported activities and the lack of clinical evidence to support her alleged symptoms, he determined that she was not as limited as claimed. Although the ALJ found that the medically determinable impairments could reasonably be expected to produce the alleged symptoms, he nonetheless found that Plaintiff's statements concerning the intensity, persistence, and limiting effects of her alleged symptoms were not supported and thus, not credible. Consequently, he determined that she retained the functional capacity to perform light work. These findings are consistent with the objective medical evidence and other evidence of record. There were no limitations or functional restrictions reported by the physicians, that would preclude the performance of light work. The ALJ further noted that the MRI results showed no neural impingement, and that in March 2011, Plaintiff had no complaints of joint pain or weakness.

Moreover, Plaintiff's past relevant work as a sewing machine operator and machine operator/sorter did not require abilities beyond Plaintiff's RFC. Both job descriptions stated that climbing, stooping, balancing, kneeling, crouching, crawling, and balancing were either not present

or the activity or condition did not exist. *See* DOT Occupational Code 690.685-014, 1991 WL 678500, and 786.685-030, 1991 WL 681083.

Review of the objective medical evidence and other evidence, including Plaintiff's testimony and functional reports, supports the ALJ's findings and RFC determination. Plaintiff's subjective complaints are insufficient to support her claims of disability. Consequently, the Court finds that substantial evidence supports the ALJ's RFC determination.

## **CONCLUSION**

Based on the foregoing, the Court hereby ORDERS that the decision of the Commissioner be AFFIRMED consistent with this opinion.

SIGNED and ENTERED on July 24, 2015.

NORBERT J. GARNEY
United States Magistrate Judge